UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Phillip Chacon individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Investors Management Trust Real Estate Group, Inc. (dba "IMT"), IMT Capital III Deerfield LLC, and IMT Capital IV Alpharetta LLC,<br><br>    Defendants. | Case No.: |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Phillip Chacon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC and The Orlando Firm, P.C., files this Collective Action Complaint against Defendants Investors Management Trust Real Estate Group, Inc. (dba "IMT"), IMT Capital III Deerfield LLC, and IMT Capital IV Alpharetta LLC, and states as follows:

### INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Phillip Chacon, individually and on behalf of all similarly situated persons employed by Defendants Investors Management Trust Real Estate Group, Inc. (dba "IMT"), IMT Capital III Deerfield LLC, and IMT Capital IV Alpharetta LLC, (hereinafter referred to as "Defendants" or "IMT") arising from Defendants' willful

3

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant IMT represents that it is a nationwide apartment operator with a portfolio that that includes over 50 apartment communities exceeding 17,000 apartment homes with over 500 associates and extends throughout Arizona, California, Colorado, Florida, Georgia, North Carolina, Tennessee, and Texas.[1]

3. Defendant IMT Capital III Deerfield LLC and IMT Capital IV Alpharetta LLC operate apartment communities located in Alpharetta, Georgia.

4. Count I is brought under the FLSA, individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all persons who worked as hourly-paid maintenance technicians at any of Defendants' locations at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks relief for Defendants' failure to pay Plaintiff and the other FLSA Collective members for all hours in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims

---

[1] See Defendants' website: https://www.imtresidential.com/about/ (Last Accessed March 25, 2020).

pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

6. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7. The court has personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff Phillip Chacon is a resident of Alpharetta, Georgia in Fulton County.

10. Plaintiff worked for Defendants as an hourly-paid maintenance technician from approximately November 20, 2019 through February 2, 2021 in Defendants' Alpharetta, Georgia location.

11. Plaintiff has signed a consent form to join this lawsuit, which is attached as ***Exhibit 1***.

12. Defendant Investors Management Trust Real Estate Group, Inc. (dba "IMT") has a principal business address of 15303 Ventura Blvd #200 Sherman Oaks, CA 91403 and registered agent C T Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

13. Defendant IMT Capital III Deerfield LLC has a principal office address of 15303 Ventura Blvd #200 Sherman Oaks, CA 91403 and registered agent C T Corporation System at 289 S Culver St, Lawrenceville, GA, 30046-4805.

14. Defendant IMT Capital IV Alpharetta LLC has a principal office address of 15303 Ventura Blvd #200 Sherman Oaks, CA 91403 and registered agent C T Corporation System at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

**Defendants Violated the FLSA**

15. Defendants jointly employed Plaintiff and other members of the FLSA Collective and classified them as hourly-paid, non-exempt employees, and have not guaranteed them any minimum weekly salaries.

16. Defendants' hourly-paid maintenance technicians are required to be on-call outside of their scheduled hours to receive calls and travel to Defendants'

location to perform assignments.

17. Defendants maintained a common policy of failing to pay hourly-paid maintenance technicians for the time spent taking calls and travelling to Defendants' location to perform assignments outside of their scheduled hours.

18. As a result, Defendants failed to compensate hourly-paid maintenance technicians for all hours worked.

19. Plaintiff and other hourly-paid maintenance technicians regularly worked in excess of forty (40) hours in a workweek.

20. Defendants knew that hourly-paid maintenance technicians were taking calls and travelling to Defendants' location to perform assignments outside of their scheduled hours, but failed to compensate them for such time.

21. Defendants knew that hourly-paid maintenance technicians were working these hours in excess of forty (40) hours in a workweek, but failed to compensate them for such time.

22. As a result of Defendants' unlawful policies, in many weeks, Plaintiff and other hourly-paid maintenance technicians performed work in excess of forty (40) hours in a workweek, and were not compensated at time-and-a-half of their regular rates of pay.

**COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of the FLSA Collective, defined as:

> *All hourly-paid maintenance technicians at any of Defendants' locations at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

24. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

25. The employment relationships between Defendants and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

   a. Whether the FLSA Collective members received calls and travelled to Defendants' location to perform assignments outside

of their scheduled hours;

b. Whether the FLSA Collective members worked in excess of 40 hours in a workweek;

c. Whether Defendants maintained a policy or practice of failing to pay FLSA Collective members for all time spent taking calls and travelling to Defendants' location to perform assignments outside of their scheduled hours;

d. Whether Defendants failed to pay FLSA Collective members time and a half for all hours they worked over 40 in a workweek.

e. Whether Defendants' violations of the FLSA were willful and/or in good faith.

26. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## COUNT I
**(Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

27. Plaintiff re-alleges and incorporates all previous paragraphs herein.

28. 29 U.S.C. § 207(a)(1) provides:

9

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

30. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

31. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

32. In many weeks, the work Plaintiff and other members of the FLSA Collective performed outside of their scheduled shifts occurred in excess of forty (40) hours in a workweek, and thus should have been compensated at time-and-a-half of their regular rates of pay, but were not.

33. Defendants' failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendants knew that their

policies resulted in Plaintiff and FLSA Collective members not being paid for all time spent working outside of their scheduled shifts, and Defendants could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

34. Defendants' failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

35. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

36. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

37. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled

to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Phillip Chacon requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA overtime claims set forth herein (Count I);

b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff as the representative of the FLA Collective, and undersigned counsel as Class counsel for the same;

d. An incentive award for the Plaintiff for serving as representative of the FLSA Collective in this action;

e. Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

h. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

i. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff Phillip Chacon, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: April 2, 2021                                       RESPECTFULLY SUBMITTED,


By: Roger Orlando
Roger Orlando
The Orlando Firm, P.C.
315 West Ponce De Leon Ave, Suite 400, Decatur, Georgia 30030
(973) 898-0404
roger@orlandofirm.com

*Local Counsel for Plaintiff*

Lotus Cannon (will PHV)
Nicholas Conlon (will PHV)
Jason T. Brown (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
lotus.cannon@jtblawgroup.com
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Lead Counsel for Plaintiff*